The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| THOMAS EDWARD URBANEK & | ) |
| | ) CASE NO. 08-64127 |
| KATHY RUTH URBANEK, | ) |
| | ) JUDGE RUSS KENDIG |
| Debtors. | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

On December 4, 2008, Thomas Edward Urbanek and Kathy Ruth Urbanek (hereinafter "debtors") filed a Chapter 13 bankruptcy petition. Debtors' Schedule I indicates that the debtors have gross monthly income of $8,579, or gross annual income of $102,948. Schedule D indicates total secured debts of $238,891, including $24,897 secured by a 2002 Bryant 214 motorboat and a second mortgage held by HSBC Mortgage Services in the amount of $32,000. Schedules E and F indicate unsecured debts totaling $80,178.

On February 19, 2009, debtors filed an amended chapter 13 plan. The plan provides that

HSBC's second mortgage will be avoided and treated as unsecured, which will increase the total unsecured debt to approximately $112,000. The debtors propose to pay the unsecured creditors a total of $2,000 (or less than 2% of the total unsecured debt) over the 60 months of the plan. Meanwhile, the plan provides that the debtors will keep their motorboat at a cost of $512 per month.

On March 3, 2009, the trustee objected to confirmation because of the debtors' intent to keep their motorboat.[1] The trustee argues that the debtors cannot retain the motorboat in good faith in light of the low payout to unsecured creditors. The parties stipulated that this matter should be decided on briefs.

## LAW AND ANALYSIS

11 U.S.C. § 1325(a)(3) provides that chapter 13 plans must be proposed in good faith. The debtor bears the burden of demonstrating good faith. Hardin v. Caldwell (In re Cardwell), 895 F.2d 1123, 1128 (6th Cir. 1990). In Hardin, the court considered twelve criteria in its good faith inquiry:

> (1) the amount of the proposed payments and the amount of the debtor's surplus;
>
> (2) the debtor's employment history, ability to earn and likelihood of future increase in income;
>
> (3) the probable or expected duration of the plan;
>
> (4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;
>
> (5) the extent of preferential treatment between classes of creditors;
>
> (6) the extent to which secured claims are modified;
>
> (7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;
>
> (8) the existence of special circumstances such as inordinate medical expenses;
>
> (9) the frequency with which the debtor has sought bankruptcy relief;
>
> (10) the motivation and sincerity of the debtor in seeking Chapter 13 relief;

---

[1] The objection to confirmation also raises other issues. However, because the trustee's other objections are not included in the parties' briefs, the Court considers them waived.

(11) the burden which the plan's administration would place upon the trustee; and,

(12) whether the debtor is attempting to abuse the spirit of the Bankruptcy Code.

The Court finds that at least six of the twelve Hardin factors indicate bad faith on the part of the debtors: the first factor because of the low payout to unsecured creditors; the second factor because of their high income; the sixth factor because they intend to strip their second mortgage; the eighth factor because they cite no special circumstances; and the tenth and twelfth factors because they are not making a sincere effort to repay their unsecured creditors. Only the third factor, the length of the plan, is clearly in debtors' favor. Under these circumstances, it would be patently bad faith for debtors to keep their pleasure boat.

In their brief, debtors argue that the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter "BAPCPA") eliminated the ability of bankruptcy courts to consider the payment of secured claims as evidence of bad faith. Cases cited by the debtors hold that a debtor's subjective bad faith is no longer relevant because 11 U.S.C. § 1325(b)(2) provides a "bright line" test for the calculation of disposable income. *E.g.*, In re Barr, 341 B.R. 181, 185 (Bankr. M.D.N.C. 2006); In re O'Connor, 2008 WL 4516374, *15–*20 (Bankr. D. Mont.) (concluding that a chapter 13 debtor could keep a pleasure boat).

The Court disagrees with this line of cases for three reasons. First, BAPCPA was intended to curb bankruptcy abuse and it would be contrary to Congressional intent to allow debtors to confirm a plan in subjective bad faith while hiding behind section 1325(b)(2). In re McGillis, 370 B.R. 720, 749 (Bankr. W.D. Mich 2007). Second, another court in this circuit has held that courts must consider the reality of the schedules, not merely formulas, in considering good faith for above median income debtors. In re Upton, 363 B.R. 528, 535–37 (2007).

Third, the Bankruptcy Appellate Panel for the Sixth Circuit (hereinafter "BAP") rejected a similar argument in In re Petro, 395 B.R. 369 (B.A.P. 6th Cir. 2008). In Petro, the chapter 13 trustee objected to the debtors' plan because the debtors were not committing all of their "projected gross income" to the plan pursuant to 11 U.S.C. § 1325(b)(1)(B). Id. at 373. The bankruptcy court overruled the trustee on the basis that section 1325(b)(2) provides a mechanical test for the calculation of "disposible income." Id. The BAP overruled the bankruptcy court and held that a flexible, reality-based approach should be used in the calculation of projected gross income. Id. at 377. This Court believes that, given the opportunity, the BAP would find that Hardin's flexible and reality-based approach to determining a debtor's good faith was not overruled by the adoption of section 1325(b)(2).

In this case, the debtors essentially admit subjective bad faith by describing the boat as a "luxury item." Moreover, this is not merely a modest boat with a modest balance and a modest payment. It is an immodest boat with an immodest balance and an immodest payment.

Accordingly, confirmation of debtors' plan is denied.

An order will issue simultaneously with this opinion.

# # #

SERVICE LIST:

Thomas Edward Urbanek
13338 Mt. Eaton Rd
Doylestown, OH 44230

Kathy Ruth Urbanek
13338 Mt. Eaton Rd
Doylestown, OH 44230

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Edwin H Breyfogle
108 Third St NE
Massillon, OH 44646